1  Todd M. Friedman (SBN 216752)
   Adrian R. Bacon (SBN 280332)
2  Meghan E. George (SBN 274525)
   Thomas E. Wheeler (SBN 308789)
3  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21550 Oxnard St. Suite 780,
4  Woodland Hills, CA 91367
   Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
7  mgeorge@toddflaw.com
   twheeler@toddflaw.com
8  *Attorneys for Plaintiff, and all others similarly situated*

9

10                     **UNITED STATES DISTRICT COURT**
                       **NORTHERN DISTRICT OF CALIFORNIA**
11

12  PRAVIN BABAR, individually, and on         Case No.
    behalf of all others similarly situated,
13                                             **CLASS ACTION COMPLAINT**
              Plaintiff,
14                                             (1)  Violation of the California False
         vs.                                        Advertising Act (Cal. Business &
15                                                  Professions Code §§ 17500 *et seq.*); and
    VENMO, LLC, and DOES 1 – 10,             (2)  Violation of Unfair Competition Law
16  inclusive,                                      (Cal. Business & Professions Code
              Defendant.                            §§ 17200 *et seq.*).
17
                                               **Jury Trial Demanded**
18

Plaintiff PRAVIN BABAR ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant VENMO, LLC (hereinafter "Defendant") to stop Defendant's practice of falsely advertising the functions and capabilities of its mobile application and to obtain redress for a California class of consumers ("Class Members") who changed position, within the applicable statute of limitations period, as a result of Defendant's false and misleading advertisements.

2. Defendant is a corporation with principal place of business in Delaware and state of incorporation in Delaware and is engaged in the development and distribution of mobile applications.

3. Defendant represents that its mobile application allows the consumers to freely transfer funds amongst themselves, while Defendant takes a percentage of the funds, when this is in fact false. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated consumers their product (hereinafter "Class Products").

4. Plaintiff and others similarly situated utilized or attempt to utilize Defendant's product, and they did so on the basis that Defendant said that users can freely transfer funds to other users without limitations.

5. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to utilize or attempt Defendant's product, which Plaintiff and others similarly situated would not have utilized or attempted to utilize absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes, including the Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

6. Consumers installed on their mobile phones Defendant's application advertised to be of a certain nature and quality, and in the case at bar, they did so under the impression that

consumers can transfer funds to other users of the application without any limitations.

7. Consumers rely on the representations and advertisements of mobile platform providers in order to know the functions and uses of different smartphone applications. Details as to the nature and quality of the platform, such as whether it can be used for consumer transactions or not, are important and material to consumers at the time they download and install the platform onto their smartphone, as consumers are sensitive to the nature and quality of the applications they utilize for money transference.

8. Defendant is engaged in the manufacture, marketing, supplying, and distributing of a mobile platform that will not function as advertised, and the true nature and quality of the application is neither disclosed to consumers nor discoverable by the same at the time of purchase.

9. When consumers purchase an application for money transference, they reasonably believe that they will receive a product that is of the nature and quality that was advertised and disclosed at the time they agree to purchase said product.

10. Defendant profits from the use of their product. Many consumers would not have purchased or attempted to purchase their platform if it does not allow the full range of monetary transference, or they would have purchased the same product from another competitor.

11. In Plaintiff's case, Defendant's product would not allow funds to transfer because of a limitation, not disclosed to Plaintiff at the time he agreed to use the application.

12. Defendant conceals the fact that its application is not going to be of the nature and quality advertised in order to deceive consumers into utilizing an application that is different from that which is advertised.

13. Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase, in order to conceal the deception that is at issue in this case.

14. Defendant makes written and oral representations to consumers which contradict the actual nature and quality of the products that will be delivered to the consumer after the consumer purchases the products.

15. The aforementioned written and oral representations are objectively false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq., and further constitute a violation of Cal. Civ. Code §§ 1750 *et. seq.*

16. Defendant's violations of the law include without limitation the false advertising, marketing, representations, and sale of the falsely advertised Class Products to consumers in California.

17. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products in a manner that is deceptive, to disclose the true nature and quality of its products in a conspicuous manner at or prior to the point of sale, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

18. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a California resident, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware Corporation. Plaintiff also seeks damages for each violation alleged herein which, when aggregated among each member of the class, exceed the $5,000,000.00 threshold for requisite amount in controversy. Therefore, both minimal diversity of citizenship and the amount in controversy requirements are satisfied for jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).

19. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendant does business within this district and maintains a place of business here.

**THE PARTIES**

20. Plaintiff PRAVIN BABAR is a citizen and resident of the State of California, County of Los Angeles.

21. Defendant VENMO, LLC is a Delaware corporation and headquartered there.

22. Plaintiff is informed and believes, and thereon alleges, that each and all of the

acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

23. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

24. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

25. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

26. In or around November of 2017, Plaintiff attempted to retrieve funds from individuals through the use of Defendant's mobile platform. Defendant represents to Plaintiff that the mobile platform allows users to transfer funds freely among them.

27. At the time of the purchase, Plaintiff believed that he would receive all funds sent to him by another user of the application, minus the percentage fee Defendant takes as part of the application's use. Defendant, moreover, advertises this is the basic premise as to the platform's functionality.

28. In reliance on these representations, Plaintiff used Defendant's application to transfer the funds, sent to him by another user, to his bank account.

29. Defendant later informed Plaintiff that the fund transfer was cancelled because the application was used for a business transaction.

30. When Plaintiff originally signed up to utilize Defendant's application, he was not aware of any terms where he was prohibited to use the application for the purpose of completing a business transaction.

31. As a result of Defendant's cancelling the fund transfer, Plaintiff experienced an economic loss, by not receiving funds he asked Defendant to transfer to his account.

32. Had Plaintiff known that Defendant would not transfer the funds to his bank account when he attempted to conduct a business transaction, he would not have used Defendant's product.

33. Furthermore, Plaintiff did not discover, nor could he have discovered, the true nature and quality of the platform after Plaintiff had utilized the application to transfer the funds into his account after another user sent them to Plaintiff.

34. Defendant specifically represents its application allows consumers, like Plaintiff, to transfer funds between different users, while Defendant takes a percentage from the interest earned when the money transfers, without any limitations as to the purpose of the fund transfer.

35. In fact, Defendant will cancel any transfer of funds by a user, when obtained through business transactions.

36. For the fund transfer, Plaintiff paid more than valuable consideration. Plaintiff relied on the fact that the application was being advertised as being of a particular nature and quality, namely that consumers can freely transfer funds to each other with the application and Defendant would profit from the interest charged from the transfer, at the time of his use. Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that he cannot receive funds or transfer them to his personal banking account, obtained from a business transaction with another user.

37. When downloading Defendant's application, Defendant informed Plaintiff that he would be guaranteed the ability to transfer funds freely, subject to the interest charged. Plaintiff relied on Defendant's statements about the nature and quality of the application, in deciding to utilize the application and transfer funds over other competitors.  Plaintiff felt assured by Defendant that the application's functions would be as represented by Defendant, namely that it functions as Defendant represents.  Plaintiff would not have agreed to purchase Defendant's service if he had known that Defendant would limit the application's functionality other than what Defendant represented.

38. Defendant never informed Plaintiff that they would not allow any transfer of funds obtained through the conduction of a business transaction, nor did Plaintiff provide his consent to such a limitation.

39. Knowledge of the true nature and quality of Defendant's application would have impacted Plaintiff's decision to utilize this specific application from Defendant over other fund transfer applications. Plaintiff would have found it important to his purchase decision to know exactly what he was purchasing, and he believed that he was purchasing a fund transfer application that was at least granting the ability to transfer funds without any limitations as to the transfer's purpose. This much is demonstrated by the fact that Plaintiff specifically used Defendant's application, and Defendant made express representations thereto, the uses of Defendant's application.

40. Plaintiff felt ripped off and cheated by Defendant for utilizing an application that was different in nature and quality that that which Defendant represented.  Plaintiff believes that Defendant will continue its action of duping consumers into purchasing their product that deviates significantly from Defendant's representations, namely in the form of telling consumers that their application allows any kind of transfer of funds between the application's users when it in fact is not, unless Defendant's practices are halted by way of an injunction.

41. As a result of Defendant's fraudulent practices, described herein, Plaintiff has suffered emotional distress, wasted time, and anxiety.

42. Plaintiff alleges on information and belief that it is Defendant's policy and practice to misrepresent the true nature and quality of its application regarding the uses and functions of the application. Plaintiff asserts that this practice constitutes a fraudulent omission of a material fact relating to the nature and quality of its products that would be important to a reasonable consumer to know at the time they purchase Defendant's application.

43. Plaintiff alleges on information and belief that Defendant's policy and practice is to materially misrepresent the nature and quality of its platform, through said fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on the said misrepresentations, in order to induce their purchase of platform from Defendant over law abiding competitors.

44. Defendant has a duty to disclose the true nature and quality of its application's use, including whether the application would allow users to transfer funds to the personal accounts obtained from a business transaction, to consumers prior to the time they agree to purchase the application's function from Defendant. Defendant has a duty to disclose these material features of their products because such features would be highly important to a reasonable consumer.

45. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

46. Defendant expressly represented to Plaintiff, through written statements, the true nature and quality of its products.

47. Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's application.

48. In purchasing the Class Products, Plaintiff relied upon Defendant's representations.

49. Such representations were clearly false because the true nature and quality of the application was different than represented.

50. Plaintiff would not have purchased the products if he knew that the above-

referenced statements made by Defendant were false.

51. Had Defendant properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased the products.

52. Plaintiff agreed to give his money, attention, and time to Defendant because of the nature and quality of the application advertised. Defendant benefited from falsely advertising the nature and quality of its product. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

53. Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the product would have believed that the application would function than it actually did.

54. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers into purchasing the application's service than consumers and the State of California would find acceptable.

**CLASS ACTION ALLEGATIONS**

55. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure, Rule 23.

56. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, used the Class Products.

57. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

58. Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

59. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

60. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be

unfeasible and impractical.

61. No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

62. Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

63. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

    (b) Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

    (c) Whether Defendant profited from the sale of the wrongly advertised wood;

    (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and Cal. Civ. C. §1750 *et seq.*;

    (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (g) The method of calculation and extent of damages for Plaintiff and Class Members.

64. Plaintiff is a member of the Class he seeks to represent

65. The claims of Plaintiff are not only typical of all Class members, they are identical.

66. All claims of Plaintiff and the Class are based on the exact same legal theories.

67. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

68. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

69. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

70. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

71. Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

72. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

73. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

74. Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold wood that was of a nature and quality different than advertised, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

75. Defendant knew that its representations and omissions were untrue and

misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

76. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn Plaintiff and other Class Members ended up with products that were different in ways that put them in danger, and therefore Plaintiff and other Class Members have suffered injury in fact.

77. Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

78. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees that the Class Products would be of a particular nature and quality.

79. Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members.

80. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

Page 11
CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

81. Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

82. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

83. California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

84. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and (3) is not one that consumers themselves could reasonably have avoided.

85. Here, Defendant's conduct has caused and continues to cause substantial injury

to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

86. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products were a certain nature and quality in order to induce them to spend money on said Class Products. In fact, knowing that Class Products were not of this nature and quality, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

87. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products were not advertised as having the nature and quality that they in fact have. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase an application that does allow consumers to freely transfer funds between users when in fact Defendant cancels the transaction when the funds transferred were obtained through a business transaction. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

88. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

89. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of

the public.

90. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

91. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that he would be able to use the Products in order to facilitate the transfer of money between him and another consumers, when in fact that was not the case. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

92. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a certain nature and quality when in reality they were a significantly different, and thus falsely represented the Class Products.

93. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

94. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

95. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being of a nature and quality different from what they actually were.

96. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.. Had Defendant not falsely advertised, marketed,

or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

97. This practice of making these representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

98. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

99. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## PRAYER FOR RELIEF

100. Plaintiff, on behalf of herself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring VENMO, LLC, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring VENMO, LLC to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class

                period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h) Pre- and post-judgment interest; and

(i) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

## REQUEST FOR JURY TRIAL

101. Plaintiff requests a trial by jury as to all claims so triable.

Dated: March 12, 2018                Respectfully submitted,

                                   LAW OFFICES OF TODD M. FRIEDMAN, PC

                                   By: /s/Todd M. Friedman
                                         TODD M. FRIEDMAN, ESQ.
                                         Attorney for Plaintiff PRAVIN BABAR